IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QUENTIN J. GETTY, M42745, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-CV-773-DWD |
| | ) |
| ALFONSO DAVID, | ) |
| VENERIO SANTOS, and | ) |
| JOHN/JANE DOE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Quentin J. Getty, a prisoner in the Illinois Department of Corrections ("IDOC") currently housed at Shawnee Correctional Center ("Shawnee"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while being housed at Centralia Correctional Center ("Centralia") and Shawnee. He states that he was housed in unsanitary conditions and his medical treatment was delayed. He seeks monetary damages and injunctive relief.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law

is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): On September 18, 2019, Plaintiff sustained a dislocated shoulder while housed at Centralia. For previous dislocations, he had been sent to an outside emergency room for immediate treatment. In this instance, Defendant Dr. Santos ordered him kept in the prison infirmary overnight before examining him and sending him out for treatment. Due to the delay, it took two days to get the joint reduced. He has suffered pain, limited mobility and permanent finger numbness since that time.

Plaintiff was transferred to Shawnee on October 11, 2019 and met with Defendant Dr. David on October 14, 2019. David ordered Plaintiff to continue using a shoulder immobilizer, ordered him to be cuffed in front only, and said he would arrange for an orthopedic specialist appointment.

Beginning on October 16, 2019, an unknown number of unidentified corrections officers disregarded Plaintiff's front cuff permit and cuffed him behind his back every time he was taken to the shower. This culminated with Plaintiff's shoulder being dislocated by an unknown corrections officer on October 25, 2019. This was reduced at an outside facility, and David failed to schedule him for a follow-up appointment as ordered by the outside physician.

On December 8, 2019, Plaintiff's shoulder was again dislocated. David ordered that he be given a sling and ibuprofen, and admitted to the infirmary. The following morning, Plaintiff was sent to an outside emergency room and his shoulder reduced. David did not follow up.

On February 14, 2020, Plaintiff's shoulder was again dislocated. His shoulder was reduced at an outside hospital and he was sent back to the prison. After a night in the infirmary, David released Plaintiff into general population. Plaintiff appears to plead that the shoulder was not actually back in its socket. On February 18, Plaintiff was sent back to the outside hospital, where it was diagnosed as dislocated. A specialist said he needed to see a shoulder specialist, and that reduction would be up to David.

On February 20, 2020, Plaintiff saw David. David refused to treat him, citing grievances Plaintiff had written. It is unclear whether David referred him to a specialist. In any event, Plaintiff's shoulder remained dislocated until July 30, 2020, when it spontaneously reduced.

There are also allegations that David refused to answer Plaintiff's requests for medical advice on whether he should have shoulder fusion surgery.

Based on the allegations of the Complaint, the Court finds it convenient to organize the *pro se* action into the following Counts:

> **Count 1:** Eighth Amendment claim for deliberate indifference to a serious medical need against Santos; and
>
> **Count 2:** Eighth Amendment claim for deliberate indifference to a serious medical need against David.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Discussion

As an initial matter, Plaintiff has failed to make adequate allegations regarding Defendant John/Jane Doe. While a plaintiff may use the "John Doe" designation to refer to specific individuals whose names are unknown, a plaintiff may not merely assert that an indefinite group of prison employees violated his constitutional rights. See *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement). Plaintiff must make plausible allegations against individuals. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding that a complaint must describe "more than a sheer possibility that a defendant has acted unlawfully"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Here, Plaintiff uses "John/Jane Doe" to refer to at least four different individuals, possibly upward of seven. This is too indefinite to allow the claims against such individuals to stand, and so Defendant John/Jane Doe is dismissed without prejudice.

---

[1] See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Should Plaintiff wish to file an amended complaint including these individuals, they should be identified by number and (where possible) gender- for example, John Doe #1, Jane Doe #4, etc.

### Counts 1 and 2

Plaintiff has adequately stated a claim against Defendants Santos and David. "[D]elays in treating painful medical conditions that are not life-threatening can support Eighth Amendment claims." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009) (quotation omitted). There is no bright line for how long a delay in treating an injury must be before it becomes a constitutional violation. *See Edwards v. Snyder,* 478 F.3d 827, 830–32 (7th Cir. 2007) (plaintiff who painfully dislocated his finger and was needlessly denied treatment for two days stated a deliberate indifference claim).

### Motion for Preliminary Injunction

Plaintiff has also filed a Motion for Temporary Restraining Order and a Preliminary Injunction (Doc. 4). The Court previously denied the Motion to the extent it requested a temporary restraining order. (Doc. 7).

A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit. *See Ayala v. Kruse*, No. 219CV00348JPHMJD, 2020 WL 4904761, at *2 (S.D. Ind. Aug. 20, 2020); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997).

Here, Plaintiff's factual allegations in his Complaint cover a period from September 2019 to roughly July 2020. His Motion pertains to a June 6, 2021 dislocation

which is not part of the Complaint.  Accordingly, this is not part of the underlying suit, and so preliminary injunctive relief would be inappropriate.

## Disposition

Plaintiff's Complaint (Doc. 1) survives initial screening pursuant to 28 U.S.C. § 1915A against Defendants David and Santos.  Plaintiff's claims against Defendants John/Jane Does are **DISMISSED without prejudice**.  The Clerk of the Court is **DIRECTED** to terminate Defendants John/Jane Does as parties to this action.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is **MOOT**; the Court's prior grant of in forma pauperis ("IFP") status automatically entitles him to such service.  Plaintiff's Motions for Status (Docs. 9, 10 and 11) are **MOOT**.

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4) is **DENIED without prejudice.**

The Clerk of Court shall prepare for Defendants Santos and David: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant needs only respond to the issues stated in this Merits Review Order.**

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  October 1, 2021

/s David W. Dugan
_____
David W. Dugan
United States District Judge

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, they will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.